FILED
SUPERIOR COURT
OF GUAM

2019 JUN -3 PM 3:59

CLERK OF COURT

By: _____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM

vs.

EDWARD JINYUC CHONG, et al.
                    DEFENDANTS.

CRIMINAL CASE NO.: CF0712-18

DECISION AND ORDER
(Defendant Chong's Motion to Sever)

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Edward Jinyuc Chong's ("Chong") Motion to Sever Defendants, Sever Charges, and Bifurcate Trials. Attorney John Morrison represents Chong. Assistant Attorney General Matthew Phelps represents the People of Guam ("People"). Upon review of the arguments and legal authorities presented by the Parties, and for the reasons set out herein, the Court issues this decision and order **GRANTING** Chong's Motion.

### BACKGROUND

On or about November 3, 2018, a complaint was filed with the Guam Police Department ("GPD") on behalf of Weerawat Tananusont ("Tananusont") indicating his house had been burglarized. Phelps Declaration. (Nov. 28, 2018). Tananusont reported

CF0712-18, People v. Aguon, et al.
Decision and Order (Defendant Chong's Motion to Sever and Bifurcate Trial) .

Page 1 of 7

ORIGINAL

several items missing from his residence and later discovered that multiple transactions were made on his missing Fidelity Visa card to the amount of $2,168.00. Id. Upon investigating the burglary, GPD officers identified Emily Babauta ("Babauta") as a suspect and obtained a search warrant for her last known residence, which was executed on November 27, 2018. Id. The following is a description of the evidence gathered during the search and the charges faced by the various defendants:

   a.   Manuel Edward Duenas Aguon.

Aguon was found within reach of a heat modified glass pipe stained with suspected methamphetamine. Id. A pouch around Aguon's person yielded the discovery of approximately two grams of suspected methamphetamine and several grams of suspected marijuana. Id. Aguon is charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony) and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Superseding Indictment (Feb. 1, 2019).

   b.   Emily Babauta.

While searching the residence, GPD officers discovered a purse containing Babauta's firearms ID card. Phelps Declaration. The purse, discovered in the room Babauta identified as her bedroom, also contained syringes and a bag containing suspected methamphetamine. Id. The purse also contained a Fidelity Visa card with Tananusont's name on it and a receipt of a purchase made at an establishment identified by Tananusont as a place where his card had fraudulently been used. Id. Babauta is charged with THEFT BY RECEIVING (As a Second Degree Felony), POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony), FRAUDULENT USE OF A CREDIT CARD (As a Third Degree Felony), and CONSPIRACY TO FRAUDULENT USE OF A CREDIT CARD (As a Third Degree Felony). Superseding Indictment.

c. Kala Joe Taitague.

Upon searching the residence, GPD officers were informed that one of the rooms was shared by Kala Joe Taitague ("Taitague") and Jesse Babauta Underwood ("Underwood"). In this room GPD officers discovered Taitague, Babauta, a pouch containing a digital scale, hand rolled cigarettes containing suspected marijuana, multiple resealable baggies, approximately 5.6 grams of crystalline substance suspected to be methamphetamine, a glass bottle containing an unidentified liquid, and numerous syringes. Phelps Declaration. Taitague is charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Superseding Indictment.

d. Jesse Babauta Underwood.

Underwood was not present during the search. Phelps Declaration. While searching the room identified as the bedroom of Underwood and Taitague, the officers discovered a pouch containing a digital scale, hand rolled cigarettes containing suspected marijuana, multiple resealable baggies, approximately 5.6 grams of crystalline substance suspected to be methamphetamine, a glass bottle containing an unidentified liquid, and numerous syringes. Id. Babauta informed the officers that Underwood has been taking over Taitague's drug dealing operation due to Taitague's declining health. Id. Underwood is charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony) and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Superseding Indictment.

e. Edward Jinyuc Chong.

Chong was not present during the search, but was indicted in this matter due to his connection with the stolen credit card which prompted the initial investigation. One of the allegedly fraudulent transactions involving Tananusont's Fidelity Visa card occurred at Gangnam Korean Restaurant. Phelps Declaration. The owner of the restaurant identified Babauta and said she was accompanied by Edward Jinyuc Chong ("Chong") when she visited the restaurant. Id. Upon his arrest for credit card fraud, Chong was found with

methamphetamines on his person. Chong Mot. to Sever (Mar. 27, 2019). Chong is charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony), FRAUDULENT USE OF A CREDIT CARD (As a Third Degree Felony), and CONSPIRACY TO FRAUDULENT USE OF A CREDIT CARD (As a Third Degree Felony). Superseding Indictment.

On March 27, 2019, Chong filed a Motion to Sever Defendants, Sever Charges, and Bifurcate Trials. Chong seeks to (1) sever his charges from his co-defendants, (2) sever his drug charge from his fraud charges, and (3) to bifurcate his trial into a guilt phase on the underlying felonies followed by a second phase in which the government may attempt to prove the special allegation. Chong Mot. to Sever. On April 3, 2019, the People filed their Non-Opposition.

## DISCUSSION

Guam law provides that two or more defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. 8 G.C.A. § 55.35(b). Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged on each count. Id. Guam law further provides that if it appears that a defendant is prejudiced by joint trial with other defendants, the court may order a separate trial of defendants, of counts in the charging instrument, or provide whatever relief justice requires. 8 G.C.A. § 65.35.

Both sections 55.35 and 65.35 use language that is substantially similar to the joinder rules used in Federal court. Compare G.C.A. §§55.35, 65.35 with Fed. R. Crim. P. Rules 8, 14. Thus, given the similarities, Federal cases that have analyzed the issue of joinder of defendants are useful and highly persuasive in interpreting Guam's joinder statutes. See Sumitomo v. Zhong Ye Inc., 1998 Guam ¶ 7 ("Generally, when a legislature adopts a statute which is identical or similar to one in another jurisdiction, it is presumed

that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction.")

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right "to-be confronted with the witnesses against him." U.S. Const. Amend. XI. "Where testimonial evidence is at issue, . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross examination." Crawford v. Washington, 541 U.S. 36, 53-54 (2004). "Therefore, where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand." Richardson v. Marsh, 481 U.S. 200, 206 (1987). Severance of defendants is thus required in cases where the confession of a non-testifying co-defendant implicates the other defendant, as the defendant's constitutional right to confront witnesses against him would be infringed. Bruton v. U.S., 391 U.S. 123, 133-36. This is so regardless of whether the jury is instructed to consider that confession only against the co-defendant. However, to violate the Defendant's rights under the Sixth Amendment, the codefendant's statement must be 'facially incriminating.' See e.g., U.S. v. Boyd, 78 F.Supp.3d 1207, 1213-14 (N.D. Cal. 2015) (reasoning prejudice due to the inability to cross-examine requiring severance was not shown because the statement of the co-defendant at issue did not directly refer to or implicate the Defendant).

a. **Severance of Defendants.**

Chong argues that he will be prejudiced by a joint trial because it would preclude his right to cross-examine Babauta, who has stated that Chong was the source of the stolen credit card. Chong Mot. to Sever at 3. A joint trial would allow the People to admit Babuata's statements without Chong having the opportunity to cross-examine her, due to her right to remain silent. Id.

As for Chong being tried jointly with the co-defendants other than Babauta, Chong argues that there is no nexus between his charges and their charges. Id. The Court agrees. Chong is charged with two distinct offenses: First, he is charged with conspiring to use and

CF0712-18, People v. Aguon, et al.
Decision and Order (Defendant Chong's Motion to Sever and Bifurcate Trial) .

Page 5 of 7

actually using a stolen credit card while out with Babauta. Second, he is charged with having methamphetamine on his person when he was arrested. Defendants Underwood and Aguon both face charges relating to intent to distribute methamphetamines. These charges are unrelated to Chong's charges. The People do not oppose Chong's severance from his co-defendants. Non-Opp'n (Apr. 3, 2019).

b. **Severance of Charges.**

Chong further seeks severance of his drug charge from his theft charges. Chong Mot. to Sever at 4. Chong was found with drugs on his person at the time he was arrested based upon credit card usage which occurred two months before his arrest. Despite these charges having nothing to do with one another, a jury may have difficulty separating them and conclude that Chong is likely a thief because he is alleged to have possessed drugs. The Court finds that there is a strong likelihood of prejudice if these charges are tried together. Therefore, the Twelfth Charge (Possession of Schedule II Controlled Substance) will be severed from the Tenth Charge (Fraudulent Use of a Credit Card) and Eleventh Charge (Conspiracy to Fraudulent Use of a Credit Card). The Tenth and Eleventh Charges concern the same factual bases and therefore will be tried together. The People do not oppose the severance of charges in this manner. Non-Opp'n at 2-3.

c. **Bifurcation.**

Lastly, Chong seeks bifurcation of his trial. Mot. to Sever at 5. Chong is charged with one special allegation for each of his charges, specifically that he committed a felony while on felony release. Chong argues that notifying the jury of this fact would severely prejudice him and that his trials should proceed on the issue of guilt first and then proceed with the evidence related to the special allegation only if there is a finding of guilt. Id. The Court agrees that Chong would be prejudiced by the jury learning of Chong's past convictions. The People do not oppose Chong's request to bifurcate. Non-Opp'n at 3. Based on the forgoing, the Court agrees to bifurcate Chong's trial.

## CONCLUSION

Based on the forgoing reasons, the Court **GRANTS** Chong's Motion to Sever Defendants, Sever Charges, and Bifurcate Trials.

Further proceedings are set for this matter on ___6|17|19___ at ___9am___.

**SO ORDERED** this ___6/3/19___.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

I acknowledge that a copy of the
original hereto was placed in the
court box on

JUN - 3 2019
Date:_____ Time: _405pm_

_____ Court of Guam

CF0712-18, People v. Aguon, *et al.*
Decision and Order (Defendant Chong's Motion to Sever and Bifurcate Trial)